By the Court,
Nelson, Ch. J.
As the judgment of which Peck and others are assignees is older than the one in favor of Paddock, the former would be entitled to a deed from the sheriff were it not that their execution is one of those under which the sale was made. The statute provides, that “the plaintiff under whose execution any real estate shall have been sold, shall not be authorized to acquire the title of the original purchaser, or of any creditor, to the premises so sold by virtue of the decree or judgment on which such execution issued.” (2 R. S. 373, § 58.) It is insisted in behalf of the assignees of the judgment, that their right to a deed is not affected by the statute, inasmuch as no part of the purchase money was applied on their judgment. But the statute is explicit, and contains no exception in favor of such a case. In order to have secured the payment of the judgment, the purchasers should have bid more for the land ; or, if they had desired a deed from the sheriff, they should have withdrawn their *546 execution before the sale, and thus put themselves in a situation to demand the deed on refunding the purchase money paid by a junior judgment creditor.
Motion granted.